JOHN BERTERO *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 67595
WATERBURY

Memorandum filed March 16, 1984

*John Bertero,* pro se, the plaintiff.

*Leonard Caine,* for the defendant.

J. HEALEY, J. The unemployment compensation
administrator denied extended umemployment com-
pensation benefits to the plaintiff on the ground that
during the week here in question the plaintiff made four
contacts for the purpose of seeking employment, only
one of which was made in person and the other three
of which were made by a combination of telephone calls
and mail. The plaintiff appealed to a referee who
reversed the decision of the administrator. On appeal
to the board of review the referee was reversed and
benefits were denied.

The sole question before the court is whether, as a
matter of law, telephone and mail contacts seeking to
obtain employment constitute compliance with the

requirement of eligibility for extended unemployment compensation benefits that a claimant be "actively engaged in seeking work," which terminology is defined further as "a systematic and sustained effort to find work." Admittedly telephone calls and mail solicitations might well not in fact conform to the requirement, but that issue is not only not before the court but has been decided in the plaintiff's favor by the referee, a finding of fact which this court cannot disturb.

It is noted that extended unemployment compensation benefits are paid from federal funds. It is also noted that the present authorizing legislation was incorporated in the Omnibus Budget Reconciliation Act of 1981, P.L. 97-35, 95 Stat. 357 (1981), the stated purpose of which is to impose restraints on federal spending. It is, therefore, to be strictly construed with that legislative purpose in mind. Further, it is not for the courts to read into the legislation what is not there.

The interpretation of legislation by the agency charged with administration of the act is entitled to great weight. It follows that general administration letter No. 21-81 of the United States department of labor, setting forth guidelines to be followed by the states in administering extended unemployment compensation benefits, is enlightening. That letter mandates that the administrator must "ensure that the claimants are fully informed of their rights and responsibilities" and that "[a]s a minimum, information provided to these claimants shall contain an explanation of the following eligibility requirements: '1. Active search for work requirements . . . .' " The referee found as a fact that the information form furnished to the plaintiff did not rule out telephone and mail contacts. This is also the case in the form of notice to a claimant suggested by the department of labor.

The department letter goes on to state: "III A. Active Search for Work. An E.B. claimant is expected to make a more diligent and active search for work than would normally be required of an individual receiving regular benefits. To meet E.B. eligibility requirements the claimant's search for work must be 'systematic and sustained.' A 'sustained' effort to obtain work is a continual effort maintained at length throughout each week. Under the requirement to actively seek work, passive availability for work is not sufficient. A 'systematic' effort to obtain work is a work search conducted with thoroughness and with a plan or methods to produce results."

Later in the same section factors to be considered in determining whether or not a claimant qualifies include: "2. Method of contact (unions, ES referral, phone, in person, specify other)."

It is particularly significant that the letter includes "unions," "phone" and "specify other." The reference to "unions" must be held to include employment agencies, which perform a comparable function. One of the contacts made by the plaintiff in the week in question was an in person contact with an employment agency. The department specifically recognized "phone" contacts as permissible and the term "specify other" certainly must include mail contacts.

Further, the department's suggested form of notice to claimants states: "2. You must submit tangible evidence of your work search for each week of unemployment claimed, which at a minimum must include: a list of employers contacted, dates of contacts, persons contacted . . . ." Webster's Third New International Dictionary defines "contact" as "a condition or an instance of meeting, connecting or communicating." It certainly cannot be held as a matter of law that telephone and mail contacts do not come within the meaning of "communicating."

This court is aware that there have been instances when other judges have dismissed appeals where there were denials of benefits and the showing of efforts by the claimants were recitations of telephone solicitations of employment. In those cases, however, there had been a finding of fact by the referee that the efforts made were inadequate. This matter differs from those cases because the referee here concluded that the plaintiff's efforts were indeed adequate. The sole basis of the board of review's reversal of the decision of the referee was that as a matter of law telephone and mail contacts were not to be considered. In coming to such a legal conclusion the board erred.

The appeal of the plaintiff is sustained.